## Oblosser v. Matthews

Before Pinola, Lewis and Brominski, JJ.

*William Degillio*, for plaintiff.

*Louis G. Feldman* and *Charles L. Casper*, for defendant.

*William S. McLean*, for additional defendant.

PINOLA, J., June 18, 1959.—The accident, the subject of the original action, occurred on January 13, 1957, but suit was not commenced until December 5, 1958. The complaint was served on defendant on December 9, 1958.

On January 13, 1959, the original defendant filed a praecipe to join the additional defendant. The writ was issued on that date and served on the additional defendant on January 22, 1959.

On January 13th the original defendant filed a complaint against the additional defendant, but he made no effort to serve it.

On April 1st the additional defendant filed a preliminary objection in the nature of a rule to strike off the

writ joining the additional defendant because defendant failed to comply with Pa. R. C. P. 2252-2254, inclusive.

On April 29, 1959, defendant amended his complaint against the additional defendant by including the former pleading in the matter, to wit, the complaint served upon him, and served it on the additional defendant on May 8th.

The preliminary objection reads as follows:

"The original defendant has failed to serve a Complaint against the Additional Defendant on the additional defendant and has failed to serve copies of prior pleadings as required by Pa. R. C. P. 2252-2254 inclusive although more than sixty (60) days have elapsed since the date of service of the plaintiff's Complaint and more than thirty (30) days have elapsed since the date of service of the Writ to Join the additional defendant."

The question raised requires a careful consideration of the rules involved.

Pa. R. C. P. 2252(a) authorizes a defendant to "file as of course a praecipe for a writ, or a complaint, to join . . . an additional defendant."

And paragraph (b) declares:

"If an action to join an additional defendant is commenced by a writ, the defendant . . . shall file a complaint in the manner and form required of the initial pleading of the plaintiff in the action . . ."

Pa. R. C. P. 2253 provides that:

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant . . . later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff . . . unless such filing is allowed by the court upon cause shown."

Under Pa. R. C. P. 2254(b) :

"The writ, or a copy of the complaint of the defendant . . . if the joinder is commenced by complaint, shall be served . . . within thirty (30) days of commencement of the action to join, unless the time be extended by the court upon cause shown. Copies of all pleadings theretofore filed in the action shall also be served by the sheriff with the complaint, if the joinder is commenced by complaint. If the joinder is commenced by writ, copies of all pleadings shall be served with the complaint when filed thereafter, in the manner provided by Rule 1027."

Paragraph (d) of this rule provides:

"If the joinder is commenced by writ, . . . the additional defendant joined, may move for judgment of nonpros in the same manner as in an action of assumpsit, for failure of a defendant to file his complaint and copies of all pleadings theretofore filed in the action, as required by Subdivision (b) hereof."

Although defendant filed a complaint, he actually began his action against the additional defendant by writ. He issued the writ within the 60-day period, and he caused it to be served within 30 days from its issuance. Therefore, the court has jurisdiction over the additional defendant.

If the additional defendant desired to move for nonpros, he should have ruled the original defendant to file the complaint under Pa. R. C. P. 1037(a), which provides:

"If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non-pros."

The additional defendant, however, did not elect to proceed under this rule. The move which he made

354

furnishes no basis for his contention and the remedy he seeks.

Accordingly, we enter the following

*Order*

Now, June 18, 1959, at 9 a.m., the preliminary objection of the additional defendant is overruled.